UNITED STATES DISTRICT COURT FOR THE EASTERN
DISTRICT OF PENNSYLVANIA

LOCAL UNION NO. 98                          :
INTERNATIONAL BROTHERHOOD OF                :
ELECTRICAL WORKERS                          :
1701 Spring Garden Street                   :        NO.
Philadelphia, PA 19130                      :
                                            :
          and                               :
                                            :
                                            :
ROBERT ROSATO, EDWARD                       :
GILMORE, GERALD SHAEFFER,                   :
EDWARD COPPINGER, HARRY FOY,                :
JOHN  DOUGHERTY, TRUSTEES OF                :
THE LOCAL UNION NO. 98                      :
INTERNATIONAL BROTHERHOOD OF                :
ELECTRICAL WORKERS, HEALTH                  :
AND WELFARE FUND                            :
1701 Spring Garden Street                   :
Philadelphia, PA 19130                      :
                                            :
          and                               :
                                            :
                                            :
THOMAS J. REILLY, DENNIS LINK               :
WILLIAM RHODES, EDWARD                      :
NEILSON, JOHN DOUGHERTY AND                 :
JOSEPH AGRESTI, TRUSTEES OF                 :
THE LOCAL UNION NO. 98                      :
INTERNATIONAL BROTHERHOOD OF                :
ELECTRICAL WORKERS PENSION FUND             :
1701 Spring Garden Street                   :
Philadelphia, PA 19130                      :
                                            :
          and                               :
                                            :
                                            :
GERALD SHAEFFER, MARY RODDEN                :
HARRY FOY, TODD NEILSON, AND                :
ERIC TRUXON, TRUSTEES OF THE                :
LOCAL UNION NO. 98                          :
INTERNATIONAL BROTHERHOOD OF                :
ELECTRICAL WORKERS, VACATION                :
TRUST FUND                                  :
1701 Spring Garden Street                   :
Philadelphia, PA 19130                      :

           and                        :

                                                :

BRUCE SHELLY, JAMES                 :
SCHLEIDEN, THOMAS MOORE, JR.     :
KEVIN MCQUILLEN, WILLIAM         :
CORAZO, TRUSTEES OF THE           :
LOCAL UNION NO. 98                :
INTERNATIONAL BROTHERHOOD OF  :
ELECTRICAL WORKERS,             :
APPRENTICESHIP TRAINING        :
TRUST FUND                      :
1701 Spring Garden Street          :
Philadelphia, PA 19130             :

           and                        :

                                                :

THOMAS VASOLI, JOSEPH           :
COTUMACCIO,LAWRENCE BRADLEY,   :
HARRY FOY, IGNATIUS FLETCHER,   :
ROBERT KELLEHER, TRUSTEES OF   :
THE LOCAL UNION NO. 98          :
INTERNATIONAL BROTHERHOOD OF  :
ELECTRICAL WORKERS             :
DEFERRED INCOME FUND         :
1701 Spring Garden Street          :
Philadelphia, PA 19130             :

           and                        :

                                                :

EDWARD COPPINGER AND HARRY FOY,  :
TRUSTEES OF THE LOCAL UNION NO. 98  :
INTERNATIONAL BROTHERHOOD OF  :
ELECTRICAL WORKERS             :
LOCAL LABOR- MANAGEMENT      :
COOPERATION COMMITTEE FUND    :
1701 Spring Garden Street          :
Philadelphia, PA 19130             :

           and                        :

                                                :

JOHN M. GRAU, JACK F. MOORE,     :
TRUSTEES OF THE NATIONAL      :
ELECTRICAL BENEFIT FUND       :
1500 Walnut Street, Suite 504      :

2

Philadelphia, Pa 19102                          :
                                                :
                        Plaintiffs              :
                                                :
            v                                   :
                                                :
WILSON'S ASSOCIATES, INC                        :
1114 Frankford Avenue                           :
Philadelphia, PA 19125                          :
                                                :
            and                                 :
                                                :
MICHAEL VARALLO                                 :
1114 Frankford Avenue                           :
Philadelphia, PA 19125                          :
                                                :
            and                                 :
                                                :
JOHN CONEY                                      :
1114 Frankford Avenue                           :
Philadelphia, PA 19125                          :
                                                :
                        Defendants              :

---

## COMPLAINT

AND NOW come the plaintiffs by and through their attorneys Marino, Conroy & Coyle and demand of the defendants jointly and severally, plus interest, costs, reasonable attorneys fees and damages for prejudgment delay upon the cause of actions set forth in the following:

## JURISDICTION AND VENUE

1.      This action is brought pursuant to Employment Retirement Income Security Act [ERISA], 29 U.S.C.A. § 1001 et seq.

2.     This Court maintains original jurisdiction over the instant claims pursuant to 28 U.S.C.A. § 1331 and 29 U.S.C.A. § 1132(e) as a result of the claims arising under the laws of United States and seeking redress for violations of the ERISA, 29 U.S.C.A. § 1001 et seq.

3.     Venue of this matter is properly laid in this district pursuant to 28 U.S.C.A. §1391(b) and (c) as a result of a substantial part of the events or omissions giving rise to the claims set forth herein having occurred in this judicial district.

## THE PARTIES AND RELATED ENTITIES

4.     Plaintiff Local Union No. 98, International Brotherhood of Electrical Workers (hereinafter referred to as "Local Union No. 98") is an unincorporated association commonly known as a labor union having its principal place of business located 1701 Spring Garden Street, Philadelphia, PA 19130.

5.     Local Union No. 98, IBEW Health & Welfare Fund, ("Health & Welfare Fund"), Local Union No. 98, IBEW Pension Fund ("Pension Fund"), Local Union No. 98, Joint Apprenticeship and Training Fund ("Training Fund"), Deferred Income Fund and IBEW Vacation Trust Fund ("Vacation Fund") are multi-employer benefit funds established pursuant to § 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5), and § 3(3) and (37) of ERISA, 29 U.S.C.A. § 1002(3) and (37). Each of the funds aforementioned maintains its principal place of business is located 1701 Spring Garden Street, Philadelphia, PA 19130.

6.     National Electrical Benefit Fund ("NEBF") is a multi-employer pension fund established pursuant to § 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5), and § 3(2) and (37) of ERISA, 29 U.S.C. § 1002(3) and (37). NEBF is locally administered by the Pen-Del-Jersey

4

Chapter of the National Electrical Contractors Association whose principal place of business is located 1500 Walnut Street, Philadelphia, PA 19102.

7.     The individually named plaintiffs are trustees of the funds aforementioned and are fiduciaries of those Funds within the meaning of ERISA, 29 U.S.C. § 1002(21), and are authorized to advance this action on behalf of the funds for which they are trustees.

8.     Defendant Wilson's Associates, Inc., upon information and belief, is a limited liability company for profit incorporated established pursuant to the laws of the Commonwealth of Pennsylvania with its principal place of business and registered office for process of service located 1114 Frankford Avenue, Philadelphia, PA 19125.  At all relevant times material hereto Wilson's Associates, Inc. was engaged in the business of providing electrical services to the consuming public. At all relevant times material hereto Wilson's Associates, Inc. acted by and through its duly authorized employees, agents, workers and/or representatives acting within the scope of their employment. Defendant Wilson's Associates, Inc. regularly conducts business or otherwise utilizes the market place of Philadelphia County.

9.     Defendant Michael Varallo is an adult individual with an address for service of process located 1114 Frankford Avenue, Philadelphia, PA 19125, who, upon information and belief, at all relevant times material hereto was an agent, servant, and employee of defendant Wilson's Associates, Inc. At all relevant times material hereto defendant Michael Varallo was a principal of defendant Wilson's Associates, Inc. At all relevant times material hereto defendant Michael Varallo acted within the course and scope of his employment and position as President of defendant Wilson's Associates, Inc.

10.     Defendant John Coney is an adult individual with an address for service of process located 1114 Frankford Avenue, Philadelphia, PA 19125, who, upon information and

belief, at all relevant times material hereto was an agent, servant, and employee of defendant Wilson's Associates, Inc. At all relevant times material hereto defendant John Coney was a principal of defendant Wilson's Associates, Inc. At all relevant times material hereto defendant John Coney acted within the course and scope of his employment and position as President of defendant Wilson's Associates, Inc.

## GENERAL ALLEGATIONS

11.    Plaintiffs incorporate by reference the previous paragraphs of the Complaint as if set forth fully herein.

12.    At all relevant times material hereto Wilson's Associates, Inc. has been a party to the multi-employer collective bargaining agreement between Local 98 and the Philadelphia division of the Penn-Del-Jersey Chapter, National Electrical Contractor's Association ("Commercial Agreement") [See a copy of a Letter of Assent and the Commercial Agreement attached hereto and marked respectively Exhibit A and B].

13.    Pursuant to Article II, Section 2.03(d) of the Commercial Agreement, defendant Wilson's Associates, Inc. is obligated to furnish monthly reports to Local Union No. 98 listing the names of the members of the Union employed, number of hours of employment and the gross earnings of each.

14.    Pursuant to Article III, Section 3.01 of the Commercial Agreement, defendant Wilson's Associates, Inc. is obligated to submit monthly to the NEBF's designated local collection agent an amount equal to 3% of its gross monthly labor payroll which it paid to is obligated to pay its employees in the bargaining unit and a completed payroll report prescribed by the NEBF.

6

15.    Pursuant to Article III, Section 3.02 of the Commercial Agreement, defendant Wilson's Associates, Inc. agreed to participate in the Labor-Management Cooperation Fund, comply with applicable provisions of the Trust Agreement establishing the fund and provide monthly contributions consistent with the terms of the aforementioned Trust Agreement and the Commercial Agreement.

16.    Pursuant to Article III, Section 3.03 and 3.09(b) of the Commercial Agreement, defendant Wilson's Associates, Inc. is obligated to comply with applicable provisions of the Trust Agreement establishing the Health & Welfare Fund and provide monthly payments to the Health & Welfare Fund consistent with the terms of the aforementioned Trust Agreement and the Commercial Agreement.

17.    Pursuant to Article III, Section 3.04 and 3.09(b) of the Commercial Agreement, defendant Wilson's Associates, Inc. is obligated to comply with applicable provisions of the Trust Agreement establishing the Pension Fund and provide monthly payments to the Pension Fund consistent with the terms of the aforementioned Trust Agreement and the Commercial Agreement.

18.    Pursuant to Article III, Section 3.05 and 3.09(b) of the Commercial Agreement, defendant Wilson's Associates, Inc. is obligated to comply with applicable provisions of the Trust Agreement establishing the Deferred Income Fund and provide monthly payments to the Deferred Income Fund consistent with the terms of the aforementioned Trust Agreement and the Commercial Agreement.

19.    Pursuant to Article III, Section 3.06 and 3.09(b) of the Commercial Agreement, defendant Wilson's Associates, Inc. is obligated to comply with applicable provisions of the Trust Agreement establishing the Apprentice Training Fund and to remit monthly payments

7

deductions from its employees to the Apprentice Training fund consistent with the terms of the Trust Agreement and the Commercial Agreement.

20.     Pursuant to Article III, Section 3.07 of the Commercial Agreement, defendant Wilson's Associates, Inc. is obligated to deduct from the pay of each employed IBEW member working dues consistent with that amount specified in the approved Local Union No. 98 by-laws and remit the same to Local Union No. 98.

21.     Pursuant to Article III, Section 3.08 and 3.09(b) of the Commercial Agreement, defendant Wilson's Associates, Inc. is obligated to comply with applicable provisions of the Trust Agreement establishing the Vacation Fund and to deduct from the pay of each employed IBEW member a percentage of the employee's gross wages as set forth in the Commercial Agreement and forward the same along with a transmittal form setting forth the names of the members of the Union employed, social security number of the employee, individual employee's gross earnings and total gross earnings of all employees to the banking institution managing the fund in a manner consistent with the terms of the aforementioned Trust Agreement and the Commercial Agreement.

22.     Pursuant to Article III, Section 3.08 of the Commercial Agreement, defendant Wilson's Associates, Inc. is obligated to submit a transmittal form setting forth the names of the members of the Union employed, social security number of the employee, individual employee's gross earnings and total gross earnings of all employees.

23.     Pursuant to Article III, Section 3.02 of the Commercial Agreement, defendant Wilson's Associates, Inc. is obligated to pay liquidated damages for all delinquent contributions due the Labor-Management Cooperation Fund in the amount of fifteen percent (15%) of the total

contribution delinquent, plus interest at the rate of ten percent (10%) per annum of the total contribution until full payment has been received.

24.     Pursuant to Article III, Section 3.09(b) of the Commercial Agreement, defendant Wilson's Associates, Inc. is obligated to pay liquidated damages for all delinquent contributions in the amount of ten percent (10%) of the total contribution due, plus interest at the rate of two percent (2%) per month of the total contribution until full payment has been received.

25.     Pursuant to Article III, Section 3.01 of the Commercial Agreement, incorporating Article 6, Section 6.9.2 and 6.9.3 of the National Employees Benefit Agreement and Trust for the National Electrical Benefit Fund [NEBF Agreements], a copy of which are attached hereto and marked Exhibit C, defendant Wilson's Associates, Inc. is obligated to pay liquidated damages for all delinquent contributions in the amount of twenty percent (20%) of the total contribution due, plus interest at the rate of ten percent (10%) compounded annually of the total contribution until full payment has been received.

26.     Despite repeated demands advanced by the plaintiffs, defendant Wilson's Associates, Inc. has failed to timely remit contributions and deductions due and owing and failed to furnish required monthly reports.

## COUNT I
### ERISA CLAIM - VIOLATION OF 29 U.S.C.A. § 1145
### LIABILITY FOR DELINQUENT CONTRIBUTIONS
### (Plaintiffs v Wilson's Associates, Inc.)

27.     Plaintiffs incorporate by reference the previous paragraphs of the Complaint as if set forth fully herein.

28.     Defendant Wilson's Associates, Inc. is an employer within the meaning of 29 U.S.C.A. § 1002(5).

29.     Defendant Wilson's Associates, Inc. is obligated to make contributions and submit withholdings to the aforementioned multi-employer benefit funds pursuant to 29 U.S.C.A. § 1145.

30.     Defendant Wilson's Associates, Inc. has failed to satisfy its obligation to make contributions and submit withholdings to the aforementioned multi-employer benefit funds in violation of 29 U.S.C.A. § 1145.

31.     As a direct and proximate result of defendant Wilson's Associates, Inc.'s violation of 29 U.S.C.A. § 1145 the aforementioned multi-employer benefit funds have been deprived contribution and remittance totaling an estimated to be a value equal to $44,376.00.

32.     As a direct and proximate result of defendant Wilson's Associates, Inc.'s violation of 29 U.S.C.A. § 1145 penalty and interest has been assessed against Wilson's Associates, Inc., pursuant to section Article III, Section 3.09(b) of the Commercial Agreement  equal to the value to be determined at trial.

33.     As a direct and proximate result of defendant Wilson's Associates, Inc.'s violation of 29 U.S.C.A. § 1145 penalty and interest has been assessed against Wilson's Associates, Inc., pursuant to section Article III, Section 3.02 of the Commercial Agreement equal to a value to be determined at trial.

34.     As a direct and proximate result of defendant Wilson's Associates, Inc.'s violation of 29 U.S.C.A. § 1145 plaintiffs have been caused to incur costs and reasonable attorneys fees associated with prosecuting this matter.

WHEREFORE, plaintiffs pray for judgment in their favor and against defendant Wilson's Associates, Inc. and the relief which follows:

     I.     That plaintiffs be awarded recovery of unpaid contributions and deductions owed pursuant to NECA and NEBF Agreements;

     II.     That plaintiffs be awarded prejudgment interest;

     III.     That plaintiffs be awarded the cost of prosecuting this claim as provided for by 29 U.S.C.A. § 1132(g)(1);

     IV.     That plaintiffs be awarded reasonable attorney fees as provided for by 29 U.S.C.A. § 1132(g)(1);

     V.     That plaintiffs be awarded liquidated damages as provided for by 29 U.S.C.A. § 1132(g)(2)

     VI.     The defendant be enjoined from engaging in future violations of ERISA;

     VII.     That plaintiffs be awarded a constructive trust over the assets of defendant;

     VIII.     Defendant be ordered to submit to an audit at the request of plaintiffs;

     IX.     That plaintiffs be awarded further relief as this Court may deem appropriate.

## COUNT II
### ERISA CLAIM - VIOLATION OF 29 U.S.C.A. § 1145
### LIABILITY FOR DELINQUENT CONTRIBUTIONS
### (Plaintiffs v Michael Varallo)

35.     Plaintiffs incorporate by reference the previous paragraphs of the Complaint as if set forth fully herein.

36.     At all relevant times material hereto defendant Michael Varallo was a functioning director of defendant Wilson's Associates, Inc.

37.     At all relevant times material hereto defendant Wilson's Associates, Inc. failed to observe corporate formality.

38.     At all relevant times material hereto defendant Michael Varallo siphoned funds of the corporation to further a personal agenda and ignored his duty and responsibility as a principal officer of defendant Wilson's Associates, Inc..

39.     At all relevant times material hereto defendant Wilson's Associates, Inc. was undercapitalized for the purpose of its corporate undertaking.

40.     At all relevant times material hereto defendant Michael Varallo commingled the assets of the defendant Wilson's Associates, Inc. with his own personal funds and used company funds to satisfy personal expenses.

41.     At all relevant times material hereto defendant Wilson's Associates, Inc. was a facade for the operations of defendant Michael Varallo.

42.     At all relevant times material hereto defendant Wilson's Associates, Inc. was the alter ego of defendant Michael Varallo.

43.     Defendant Michael Varallo is obligated to satisfy the payment of delinquent contributions and remittance to the aforementioned multi-employer benefit funds pursuant to 29 U.S.C.A. § 1145 in an amount equal to $44,376.00.

44.     Defendant Michael Varallo is obligated to satisfy the penalty assessed and interest accumulated pursuant to Article III, Section 3.09(b) of the Commercial Agreement equal to a value to be determined at trial.

45.     Defendant Michael Varallo is obligated to satisfy the penalty assessed and interest accumulated pursuant to Article III, Section 3.02 of the Commercial Agreement equal to a value to be determined at trial.

46.     Defendant Michael Varallo is obligated to satisfy the costs and reasonable attorneys fees incurred by the plaintiffs prosecuting this matter at a value to be determined at trial.

WHEREFORE, plaintiffs pray for judgment in their favor and against defendant Michael Varallo and the relief which follows:

I.      That plaintiffs be awarded recovery of unpaid contributions and deductions owed pursuant to NECA and NEBF Agreements;

II.     That plaintiffs be awarded prejudgment interest;

III.    That plaintiffs be awarded the cost of prosecuting this claim as provided for by 29 U.S.C.A. § 1132(g)(1);

IV.     That plaintiffs be awarded reasonable attorney fees as provided for by 29 U.S.C.A. § 1132(g)(1);

V.      That plaintiffs be awarded liquidated damages as provided for by 29 U.S.C.A. § 1132(g)(2);

VI.     The defendant be enjoined from engaging in future violations of ERISA;

VII.    That plaintiffs be awarded a constructive trust over the assets of defendant;

VIII.   Defendant be ordered to submit to an audit at the request of plaintiffs;

IX.     That plaintiffs be awarded further relief as this Court may deem appropriate.

## COUNT III
### ERISA CLAIM - VIOLATION OF 29 U.S.C.A. § 1145
### LIABILITY FOR DELINQUENT CONTRIBUTIONS
### (Plaintiffs v John Coney)

47.     Plaintiffs incorporate by reference the previous paragraphs of the Complaint as if set forth fully herein.

48.     At all relevant times material hereto defendant John Coney was a functioning director of defendant Wilson's Associates, Inc..

49.     At all relevant times material hereto defendant Wilson's Associates, Inc. failed to observe corporate formality.

50.     At all relevant times material hereto defendant John Coney siphoned funds of the corporation to further a personal agenda and ignored his duty and responsibility as a principal officer of defendant Wilson's Associates, Inc..

51.     At all relevant times material hereto defendant Wilson's Associates, Inc. was undercapitalized for the purpose of its corporate undertaking.

52.     At all relevant times material hereto defendant John Coney commingled the assets of the defendant Wilson's Associates, Inc. with his own personal funds and used company funds to satisfy personal expenses.

53.     At all relevant times material hereto defendant Wilson's Associates, Inc. was a facade for the operations of defendant John Coney.

54.     At all relevant times material hereto defendant Wilson's Associates, Inc. was the alter ego of defendant John Coney.

55.    Defendant John Coney is obligated to satisfy the payment of delinquent contributions and remittance to the aforementioned multi-employer benefit funds pursuant to 29 U.S.C.A. § 1145 in an amount equal to $44,376.00.

56.    Defendant John Coney is obligated to satisfy the penalty assessed and interest accumulated pursuant to Article III, Section 3.09(b) of the Commercial Agreement equal to a value to be determined at trial.

57.    Defendant John Coney is obligated to satisfy the penalty assessed and interest accumulated pursuant to Article III, Section 3.02 of the Commercial Agreement equal to a value to be determined at trial.

58.    Defendant John Coney is obligated to satisfy the costs and reasonable attorneys fees incurred by the plaintiffs prosecuting this matter at a value to be determined at trial.

WHEREFORE, plaintiffs pray for judgment in their favor and against defendant John Coney and the relief which follows:

I.    That plaintiffs be awarded recovery of unpaid contributions and deductions owed pursuant to NECA and NEBF Agreements;

II.    That plaintiffs be awarded prejudgment interest;

III.    That plaintiffs be awarded the cost of prosecuting this claim as provided for by 29 U.S.C.A. § 1132(g)(1);

IV.    That plaintiffs be awarded reasonable attorney fees as provided for by 29 U.S.C.A. § 1132(g)(1);

V.    That plaintiffs be awarded liquidated damages as provided for by 29 U.S.C.A. § 1132(g)(2);

VI.    The defendant be enjoined from engaging in future violations of ERISA;

15

VII.    That plaintiffs be awarded a constructive trust over the assets of defendant;

VIII.   Defendant be ordered to submit to an audit at the request of plaintiffs;

IX.     That plaintiffs be awarded further relief as this Court may deem appropriate.


## COUNT IV
## ERISA CLAIM - VIOLATION OF 29 U.S.C.A. § 1109
## LIABILITY FOR DELINQUENT CONTRIBUTIONS
## (Plaintiffs v Michael Varallo)

59.     Plaintiffs incorporate by reference the previous paragraphs of the Complaint as if set forth fully herein.

60.     At material times relevant hereto defendant Michael Varallo was an acting principal of defendant Wilson's Associates, Inc., was responsible for and ratified administrative decisions exercised on behalf defendant Wilson's Associates, Inc., and was vested with the authority to exercise discretionary control over the management of the financial responsibilities and business affairs of defendant Wilson's Associates, Inc.

61.     At material times relevant hereto defendant Michael Varallo exercised discretionary control over the management of the financial responsibilities and business affairs of defendant Wilson's Associates, Inc. including, but not limited to, authorizing and tendering the payment of contributions and withholdings due to the aforementioned multi-employer benefit fund pursuant to the Commercial Agreement and provisions of the aforementioned Trust Agreement establishing the multi-employer benefit funds.

62.     Pursuant to the Trust Agreements establishing the multi-employer benefit funds unremitted contributions are deemed assets of Funds, considered to be part of the funds, and vested in the fund trustees.

63.     Pursuant to the authority of 29 CFR § 2510.3-102 unremitted contributions are deemed assets of the funds, considered to be part of the funds, and vested in the fund trustees by operation of law.

64.     Defendant Michael Varallo is a fiduciary to the aforementioned multi-employer benefit funds within the meaning of 29 U.S.C.A. § 1002(21)(A)(i).

65.     Defendant Michael Varallo is obligated, pursuant to 29 U.S.C.A. § 1004(a)(1), to discharge his duty as a fiduciary with respect to the multi-employer benefit funds solely in the interest of the participants and beneficiaries and for the exclusive purpose of providing benefits to the participants and their beneficiaries

66.     Defendant Michael Varallo is obligated, pursuant to 29 U.S.C.A. § 1004(a)(1), to discharge his duty as a fiduciary with respect to the multi-employer benefit funds with care, skill, prudence and diligence.

67.     Defendant Michael Varallo violated his duty as a fiduciary to the multi-employer benefit funds by utilizing the assets of the multi-employer benefit funds to satisfy financial obligations not within the meaning of 29 U.S.C.A. § 1004(a)(1) or retained possession and control of monies rightfully belonging to the multi-employer benefit funds.

68.     As a result of defendant Michael Varallo's breach of his fiduciary duty owed to the multi-employer benefit funds pursuant to 29 U.S.C.A. §1109(a) defendant Michael Varallo is liable to satisfy payment to the multi-employer benefit funds for the value equal to $44,376.00.

69.     As a result of defendant Michael Varallo's breach of his fiduciary duty owed to the multi-employer benefit funds pursuant to 29 U.S.C.A. §1109(a) defendant Michael Varallo is liable to satisfy the penalty assessed and interest accumulated pursuant to Article III, Section 3.09(b) of the Commercial Agreement equal to a value to be determined at trial.

70.     As a result of defendant Michael Varallo's breach of his fiduciary duty owed to the multi-employer benefit funds pursuant to 29 U.S.C.A. §1109(a) defendant Michael Varallo is obligated to satisfy the value of penalty assessed and interest accumulated pursuant to Article III, Section 3.02 of the Commercial Agreement equal to a value to be determined at trial.

71.     Defendant Michael Varallo is obligated to satisfy the costs and reasonable attorneys fees incurred by the plaintiffs prosecuting this matter at a value to be determined at trial.

WHEREFORE, plaintiffs pray for judgment in their favor and against defendant Michael Varallo and the relief which follows:

I.     That plaintiffs be awarded recovery of unpaid contributions due the multi-employer benefit funds owed pursuant to NECA and NEBF Agreements;

II.     That plaintiffs be awarded prejudgment interest;

III.     That plaintiffs be awarded the cost of prosecuting this claim provided for by 29 U.S.C.A. § 1132(g)(1);

IV.     That plaintiffs be awarded reasonable attorney fees provided for by 29 U.S.C.A. § 1132(g)(1);

V.     That plaintiffs be awarded liquidated damages as provided for by 29 U.S.C. § 1132(g)(2)

VI.     The defendant be enjoined from engaging in future violations of ERISA;

VII.    That plaintiffs be awarded a constructive trust over the assets of defendant

Michael Varallo as provided for by 29 U.S.C.A. § 1109(a);

VIII.    Defendant be ordered to submit to an audit at the request of plaintiffs;

IX.    That plaintiffs be awarded further relief as this Court may deem

appropriate.


## COUNT V
## ERISA CLAIM - VIOLATION OF 29 U.S.C.A. § 1109
## LIABILITY FOR DELINQUENT CONTRIBUTIONS
### (Plaintiffs v John Coney)

72.    Plaintiffs incorporate by reference the previous paragraphs of the Complaint as if

set forth fully herein.

73.    At material times relevant hereto defendant John Coney was an acting principal of

defendant Wilson's Associates, Inc., was responsible for and ratified administrative decisions

exercised on behalf defendant Wilson's Associates, Inc., and was vested with the authority to

exercise discretionary control over the management of the financial responsibilities and business

affairs of defendant Wilson's Associates, Inc.

74.    At material times relevant hereto defendant John Coney exercised discretionary

control over the management of the financial responsibilities and business affairs of defendant

Wilson's Associates, Inc. including, but not limited to, authorizing and tendering the payment of

contributions and withholdings due to the aforementioned multi-employer benefit fund pursuant

to the Commercial Agreement and provisions of the aforementioned Trust Agreement

establishing the multi-employer benefit funds.

75.     Pursuant to the Trust Agreements establishing the multi-employer benefit funds unremitted contributions are deemed assets of Funds, considered to be part of the funds, and vested in the fund trustees.

76.     Pursuant to the authority of 29 CFR § 2510.3-102 unremitted contributions are deemed assets of the funds, considered to be part of the funds, and vested in the fund trustees by operation of law.

77.     Defendant John Coney is a fiduciary to the aforementioned multi-employer benefit funds within the meaning of 29 U.S.C.A. § 1002(21)(A)(i).

78.     Defendant John Coney is obligated, pursuant to 29 U.S.C.A. § 1004(a)(1), to discharge his duty as a fiduciary with respect to the multi-employer benefit funds solely in the interest of the participants and beneficiaries and for the exclusive purpose of providing benefits to the participants and their beneficiaries

79.     Defendant John Coney is obligated, pursuant to 29 U.S.C.A. § 1004(a)(1), to discharge his duty as a fiduciary with respect to the multi-employer benefit funds with care, skill, prudence and diligence.

80.     Defendant John Coney violated his duty as a fiduciary to the multi-employer benefit funds by utilizing the assets of the multi-employer benefit funds to satisfy financial obligations not within the meaning of 29 U.S.C.A. § 1004(a)(1) or retained possession and control of monies rightfully belonging to the multi-employer benefit funds.

81.     As a result of defendant John Coney breach of his fiduciary duty owed to the multi-employer benefit funds pursuant to 29 U.S.C.A. §1109(a) defendant John Coney is liable to satisfy payment to the multi-employer benefit funds for the value equal to $44,376.00.

82.     As a result of defendant John Coney's breach of his fiduciary duty owed to the multi-employer benefit funds pursuant to 29 U.S.C.A. §1109(a) defendant John Coney is liable to satisfy the penalty assessed and interest accumulated pursuant to Article III, Section 3.09(b) of the Commercial Agreement equal to a value to be determined at trial.

83.     As a result of defendant John Coney's breach of his fiduciary duty owed to the multi-employer benefit funds pursuant to 29 U.S.C.A. §1109(a) defendant John Coney is obligated to satisfy the value of penalty assessed and interest accumulated pursuant to Article III, Section 3.02 of the Commercial Agreement equal to a value to be determined at trial.

84.     Defendant John Coney is obligated to satisfy the costs and reasonable attorneys fees incurred by the plaintiffs prosecuting this matter at a value to be determined at trial.

WHEREFORE, plaintiffs pray for judgment in their favor and against defendant John Coney and the relief which follows:

I.      That plaintiffs be awarded recovery of unpaid contributions due the multi-employer benefit funds owed pursuant to NECA and NEBF Agreements;

II.     That plaintiffs be awarded prejudgment interest;

III.    That plaintiffs be awarded the cost of prosecuting this claim provided for by 29 U.S.C.A. § 1132(g)(1);

IV.     That plaintiffs be awarded reasonable attorney fees provided for by 29 U.S.C.A. § 1132(g)(1);

V.      That plaintiffs be awarded liquidated damages as provided for by 29 U.S.C. § 1132(g)(2)

VI.     The defendant be enjoined from engaging in future violations of ERISA;

VII.     That plaintiffs be awarded a constructive trust over the assets of defendant John Coney as provided for by 29 U.S.C.A. § 1109(a);

VIII.     Defendant be ordered to submit to an audit at the request of plaintiffs;

IX.     That plaintiffs be awarded further relief as this Court may deem appropriate.

## COUNT VI
## ERISA CLAIM LIABILITY FOR PENALTY AND INTEREST
### (Plaintiffs v All Defendants)

85.     Plaintiffs incorporate by reference the previous paragraphs of the Complaint as if set forth fully herein.

86.     Defendant Wilson's Associates, Inc. satisfied the payment of contributions due to the aforementioned multi-employer benefit funds with respect to the benefit months September 2005, October 2005, November 2005, December 2005, January 2006, February 2006, March 2006, April 2006, August 2006, September 2006, October 2006, November 2006, December 2006, January 2007, February 2007,  March 2007, April 2007, June 2007, July 2007, August 2007, September 2007, October 2007, and November 2007 but did so untimely within the meaning of to the Commercial Agreement and the terms of the Trust Agreement associated with the aforementioned multi-employment benefit funds.

87.     As a result of untimely payments of contributions due to the aforementioned multi-employer benefit funds in connection with the benefits months listed above penalty and interest has been assessed in accordance with the provisions of the Commercial Agreement and the terms of the Trust Agreement associated with the aforementioned multi-employment benefit funds in an amount equal to $49,850.80.

WHEREFORE, plaintiffs pray for judgment in their favor and against defendants and relief which follows:

I.      That plaintiffs be awarded recovery of unpaid contributions due the multi-employer benefit funds owed pursuant to NECA and NEBF Agreements;

II.     That plaintiffs be awarded prejudgment interest;

III.    That plaintiffs be awarded the cost of prosecuting this claim provided for by 29 U.S.C.A. § 1132(g)(1);

IV.     That plaintiffs be awarded reasonable attorney fees provided for by 29 U.S.C.A. § 1132(g)(1);

V.      That plaintiffs be awarded liquidated damages as provided for by 29 U.S.C. § 1132(g)(2)

VI.     The defendant be enjoined from engaging in future violations of ERISA;

VII.    That plaintiffs be awarded a constructive trust over the assets of defendant s as provided for by 29 U.S.C.A. § 1109(a);

VIII.   Defendants be ordered to submit to an audit at the request of plaintiffs;

IX.     That plaintiffs be awarded further relief as this Court may deem appropriate.

Respectfully submitted,

MARINO, CONROY & COYLE
301 Wharton Street
Philadelphia, Pa 19147
Telephone (215) 462-3200
Telecopier (215) 462-4763

By: _____
Steven F. Marino, Esquire
Attorney I.D. 53034
David H. Conroy, Esquire
Attorney I.D. 73202
Attorneys For Plaintiffs

Dated: 8-7-08

24